# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1717

———————

| | | |
|---|---|---|
| Dianna C. Walker, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Arkansas Department of Community | * | |
| Correction; David Eberhard, In Official | * | [UNPUBLISHED] |
| Capacity as Director, Arkansas | * | |
| Department of Community Correction, | * | |
| | * | |
| Appellees. | * | |

———————

Submitted: November 7, 2011
Filed: November 7, 2011

———————

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

———————

PER CURIAM.


Dianna Walker appeals from the district court's[1] adverse grant of summary judgment on her Title VII retaliation claim against her former employer, Arkansas Department of Community Correction, and its director, David Eberhard. Upon careful de novo review, this court concludes the district court did not err in granting summary

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

judgment on Walker's retaliation claim because she failed to present a trialworthy issue as to whether the proffered legitimate, non-retaliatory reason for her termination was a pretext for unlawful retaliation. *See EEOC v. Trans States Airlines, Inc.*, 462 F.3d 987, 992 (8th Cir. 2006) (employee's violation of company policy was legitimate, non-discriminatory reason for firing him); *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1120-21 (8th Cir. 2006) (in retaliation context, plaintiff may demonstrate material issue regarding pretext by (1) indirect evidence showing that employer's proffered explanation is unworthy of credence because it has no basis in fact, or (2) persuading court that prohibited reason likely motivated employer, which is dependent on showing sufficient evidence of intentional retaliation exists for jury to believe plaintiff's allegations); *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006) (proffered legitimate, non-discriminatory reason for termination need not be correct if employer honestly believed asserted grounds at time of termination; plaintiff failed to show proffered reason for termination was pretext where she did not assert that employer did not honestly believe she was accountable for violations of policy when they fired her for those violations); *Smith v. Fairview Ridges Hosp.*, 625 F.3d 1076, 1088 (8th Cir. 2010) (where plaintiff asserted that she was disciplined more severely than her coworkers, but did not produce any evidence that coworkers were involved in or accused of same offense and were disciplined in different ways, plaintiff could not establish employer's reasons for disciplining her were pretext for retaliation), *cert. denied*, 131 S. Ct. 2904 (2011); *Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 514 (8th Cir. 2011) (standard of review).

This court affirms. *See* 8th Cir. R. 47B.

_____